William J. Crangle, J.
Plaintiff asks for a judgment declaring that it has no obligation to defend Bruce Kilburn in various wrongful death actions and in various actions for personal injuries brought against him all arising out of an automobile accident which occurred in the Town of Minerva, Essex County, on August 2,1969.
The complaints in these actions allege that the injured persons were riding in an automobile driven by Paul J. Vondrak which came into collision with an automobile operated by Dale J. Varney through his negligence and the negligence of Bruce W. Kilburn who was riding with him. It is alleged that prior to the collision Varney and Kilburn were drinking together at a tavern and that Varney became intoxicated. At this time Kilburn supplied him with additional alcoholic beverages permitting and inducing him to drink until the time they entered the automobile shortly before the accident. The complaints allege both common-law negligence and a violation of the “Dram .Shop Act” (General Obligations Law, § 11-101) in that Kilburn supplied the beverages, induced and promoted the driver’s intoxication, and allowed him to operate the vehicle knowing his condition without giving warning to other users of the highway.
*918 At the time of the accident a “home owners” policy of insurance had been issued to Kilburn’s parents by the plaintiff in this action. It insures him, as a resident in his parents’ household and agrees to pay on his behalf “ all sums which the insured shall be obligated to pay as damages for bodily injury or property damage,” and to defend any suit against him alleging such damage. Excepted are damages related to the use of an automobile while away from the insured premises, damages caused intentionally, and damages assumed by the insured under any contract or agreement.
The plaintiff insurance company urges that the claims in the complaints against Kilburn are embraced within these exceptions and that therefore he is not entitled to a defense under the insurance contract. It further urges that the claims predicated upon violation of the “Dram Shop Act” cannot be the subject of insurance as a matter of public policy for the reason that the statute is penal in nature and a wrongdoer should not be indemnified against his own intentional wrong.
The plaintiff also takes the position that Kilburn has forfeited any right to a defense under the policy by his failure to cdpiply with the terms of the policy requiring him to co-aperate with the company by giving notice of accident and promptly forwarding notices of claim to the company when received by him. This factual issue was submitted to an advisory jury after trial limited to that issue. The jury returned a verdict to the effect that notice was given within a reasonable time under all of the circumstances. The verdict is supported by the evidence and is adopted as the finding of the court. The summonses and complaints were delivered by Kilburn to his mother’s insurance agent within a few days after service. This was his first knowledge that a claim would be made against him and notice to the insurance company of the accident at any prior time could not reasonably have been expected of him. (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028.)
The other issues in the case have been submitted to the court for decision upon the allegations of the complaints in the negligence actions and the terms of the insurance policy. The duty to defend may properly be determined upon this basis. (Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., 23 A D 2d 641.) If the injured parties are proceeding upon more than one ground of liability and one of those grounds is covered by the insurance policy, the company must defend the action even though the others may be excepted under the *919 policy. (Lionel Freedman, Inc. v. Glens Falls Ins. Co., 27 N Y 2d 364, 368, mot. for lv. to rearg. den. 28 N Y 2d 859; Prashker v. United States Guar. Co., 1 N Y 2d 584; Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y., 297 N. Y. 148, 154.)
It has been held that one, who is insured under a similar policy of insurance, and who gives a motorized bicycle to a 12-year-old child to ride upon the public highway, must be defended by the insurance company in an action for resulting damages caused to others. Although the court treated the bicycle as a motor vehicle and found that the company was not obligated to defend or indemnify the owner insofar as plaintiff’s claim was based upon negligence in its ownership, maintenance, operation or use, it pointed out that the complaint contained another cause of action which it held was “ grounded in common-law negligence, on the theory that defendant Haddock had placed a dangerous instrumentality in the hands of an infant” and that the insurance company must defend him. (Lalomia v. Bankers & Shippers Ins. Co., 31 N Y 2d 830, 832, affg. 35 A D 2d 114.)
Thus the standard exclusion clause in home owners’ policies referring to automobiles has been limited in its scope to those situations where plaintiff’s claim is based directly upon negligence in the ownership, maintenance, operation and use of an automobile. It does not extend to other causes of action, however much they involve an automobile in fact. (See, e.g., Government Employees Ins. Co. v. Chahalis, 72 Misc 2d 207 [a father gives an automobile to his son whom he knows to be a drug addict]; Travelers Ins. Co. v. Beschel, 71 Misc 2d 420 [a motorized minicycle].)
Here, though Kilburn is charged with active negligence in the operation of an automobile and imputed negligence by reason of his joint venture with the driver, he is also charged with a violation of the “ Dram Shop Act ”. As to the latter he is entitled to be defended under the terms of his insurance policy and in accordance with the limited interpretation of its clause concerning automobiles above referred to.
Section 11-101 of the General Obligations Law (Dram Shop Act) creates a cause of action in strict liability unknown to the common law and not based upon negligence. (Moyer v. Lo Jim Cafe, 19 A D 2d 523, affd. 14 N Y 2d 792; McNally v. Addis, 65 Misc 2d 204.) The injured persons’ reliance upon a violation of this section in asserting their claims against Kilburn requires no other proof than that they were injured by an intoxicated person to whom Kilburn had unlawfully *920 furnished alcoholic beverages knowing that he was intoxicated. (McNally v. Addis, supra, Berkeley v. Park, 47 Misc 2d 381.) The tort with which Kilburn is charged was committed by him at the time when he furnished the alcoholic beverages to Varney without regard to whether or not Varney was expected to operate an automobile. “ This theory of action is not directly related to the ‘ ownership, maintenance, operation, use ’ of the vehicle and imposes an obligation upon the insurer within the terms of its policy” (Lalomia v. Bankers & Shippers Ins. Co., 35 A D 2d 114, 117, supra).
With respect to the other points raised by plaintiff I conclude : first, that, though the alleged violation of the ‘1 Dram Shop Act” by Kilburn must be classified as intentional and wrongful, the ultimate damage to the injured persons in the automobilé collision was not intended and therefore the clause excluding intentional acts does not apply, nor should indemnity for violation of the “ Dram Shop Act” at least with respect to actual damages be held to be against public policy under the rule of Messersmith v. American Fid. Co. (232 N. Y. 161) and Sperling v. Great Amer. Ind. Co. (7 N Y 2d 442, mot. for lv. to rearg. den. 8 N Y 2d 785); secondly, that, while engaging in a co-venture with another might activate the exclusion in this insurance contract, of liability “ assumed by the insured under any contract or agreement” if the injured persons relied solely upon Kilburn’s vicarious responsibility as the driver’s partner, here the main thrust of the injured person’s theory rests upon Kilburn’s own malfeasance. At this stage, prior to trial of the main action, where it may be found that there is any theory alleged in the complaint which would result in liability of the insured covered by the policy, the insurer should be called upon to defend the action.
Judgment is directed for the defendants.