232 N.J. Super. 467 (1989)
557 A.2d 693
CENTRAL NATIONAL INSURANCE COMPANY, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
UTICA NATIONAL INSURANCE GROUP, DEFENDANTS-RESPONDENTS, CROSS-APPELLANTS, AND JOHN LEE STOKES, DECEASED BY DELORES STOKES, GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOHN LEE STOKES, AND DELORES STOKES, INDIVIDUALLY, AND JOHN DOES 1 THROUGH 5 INCLUSIVE (ALL FICTITIOUS NAMES), AND LINCOLN BUS CO., INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1989.
Decided April 26, 1989.
*468 Before Judges R.S. COHEN and A.M. STEIN.
Robert M. Graham argued the cause for appellant.
Richard B. Livingston argued the cause for respondents (Charles Novins, on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
John Lee Stokes was a bus driver employed by Sav-On-Service, Inc. He died in a fall from an elevated roadway after a Christmas party organized by a group of Sav-On employees. A dependency claim in Workers' Compensation was filed; Central National Insurance Company defended and denied work connection. A civil action was also filed against Sav-On and *469 others. It charged Sav-On with host liability[1] and also negligence on the thesis that employees negligently performed the duty they assumed to see Stokes safely home.
A dispute then arose between Central National and Sav-On's general liability insurer, Utica National Insurance Group, as to which carrier had the duty to defend and cover the civil action. As a result, Central National instituted this action for a declaratory judgment as to the parties' rights and responsibilities. Before it was decided, the Workers' Compensation dependency petition was dismissed because Stokes' death did not arise out of and in the course of his employment. In the civil action, Utica made a motion to dismiss the complaint against Sav-On. The motion was granted on the grounds that (1) there was no host liability because Stokes was not alleged to be a motorist causing injuries to a third party, and (2) the co-employees who volunteered to care for Stokes were not negligent in fulfilling that task and, even if they were, they were not acting within the scope of their employment. We affirmed. Stokes v. Lincoln Bus Company, Inc., et al., A-1025-85T1, decided May 9, 1986.
Then, the present case was decided. The Law Division held that both insurers had the primary duty to defend Sav-On in the civil action and should therefore share equally the costs of defense. In addition, the court awarded Utica its attorneys' fees for defending the declaratory judgment action. Central National appealed, and Utica cross-appealed on the thesis that Central National should bear the entire cost of defending Sav-On. Because we conclude that Central National did not cover Sav-On's liability in the civil action, and thus had no duty to defend, we reverse and order that judgment be entered in the Law Division for Central National. We dismiss the cross-appeal.
*470 An insurance carrier normally assumes the duty to defend all claims insured against, whether groundless, false or fraudulent. Central National assumed that duty here. "[T]he carrier's promise is to defeat or pay a claim within the policy coverage." Burd v. Sussex Mutual Insurance Company, 56 N.J. 383, 389 (1970). See also Rooney v. West Orange Tp., 200 N.J. Super. 201, 206 (App.Div. 1985). The duty exists only as to counts stating a theory of recovery for which coverage is provided, but not as to counts not covered. Lumbermen's v. United Serv. Auto, 218 N.J. Super. 492, 497 (App.Div. 1987). If the allegations of the complaint are ambiguous, doubt as to coverage will be resolved in favor of the insured. West v. McDonald, 103 N.J. Super. 201, 212 (App.Div.), aff'd 52 N.J. 536 (1968).
The Central National policy calls itself a "Standard Workmen's Compensation and Employers' Liability Policy." The relevant portions follow:
I. Coverage A  Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.
Coverage B  Employers' Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,
(a) sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto, or
(b) sustained while temporarily outside the United States of America, its territories or possessions, or Canada by any employee of the insured who is a citizen or resident of the United States or Canada arising out of and in the course of his employment by the insured in connection with operations in a state designated in Item 3 of the declarations; but this insurance does not apply to any suit brought in or any judgment rendered by any court outside the United States of America, its territories or possessions, or Canada or to an action on such judgment wherever brought.
Utica concedes that "Coverage A" is not involved. It is for statutorily required compensation and benefits. Utica argues that "Coverage B" includes all damage actions against the *471 employer by an injured worker. We disagree. Coverage B, part (b) covers employees' foreign injuries "arising out of and in the course of ... employment." We are not concerned with them. Coverage B, part (a) covers damages payable by the employer because of an employee's local injury, by accident, disease or death "arising out of and in the course of ... employment."
The phrase "by accident arising out of and in the course of employment" is found in the Workers' Compensation Law. N.J.S.A. 34:15-7 uses it to describe the personal injuries for which scheduled[2] compensation and medical treatment[3] are to be furnished by the employer without regard to the employer's negligence. If Coverage B(a) is thus limited, what does it include?
There are some accidental injuries arising out of and in the course of employment for which statutory benefits are not the remedy. The Workers' Compensation Law permits employer and employee to elect in writing to reject the statutory-compensation-without-fault provisions of Article 2 of Title 34. See N.J.S.A. 34:15-7 and 15-9. In case of such an election, an employee who is not willfully negligent has a negligence action against the employer for damages for injuries "by accident arising out of and in the course of ... employment." N.J.S.A. 34:15-1. Assumption of the risk and fellow employee negligence are not available defenses in such actions. N.J.S.A. 34:15-2. Employers, unless permissibly self-insured, are required to insure against such liabilities. N.J.S.A. 34:15-72,-77,-78. An infant employee may always elect to pursue a common law action for injuries. N.J.S.A. 34:15-10. National Grange Mutual Ins. Co. v. Schneider, 162 N.J. Super. 227, 231 (Law *472 Div. 1978). See also Variety Farms, Inc. v. New Jersey Mfrs. Ins. Co., 172 N.J. Super. 10 (App.Div. 1980). A "casual employee" has no such choice. Such an employee can suffer injury by accident arising out of and in the course of employment, but since he is not an "employee" within the statute and thus not entitled to benefits, Stein v. Felden, 17 N.J. Super. 311 (App. Div. 1952), the casual employee is not barred from pursuing other remedies. N.J.S.A. 34:15-8.
Without ruling on particular applications, we note only that there are a number of opportunities for damage awards for local employee injuries by accident arising out of and in the course of employment.
This action, however, is not within the coverage. There was no allegation in the complaint that the parties had contracted out of the statutory elective compensation scheme; that the decedent's injuries arose out of and in the course of employment, or that the decedent was on the job or performing job duties. The employment relation alleged in the complaint was given no more prominence than the date or time of day or street location. It was not alleged as a basis for a cause of action. Indeed, the decedent was described in the complaint as a social guest of Sav-On.[4] A petition for workers' compensation benefits had already been instituted. There, in contrast to the civil complaint, the decedent's death was alleged to have arisen out of and in the course of employment. Plainly, plaintiff's strategy was to seek statutory benefits through the administrative procedures and, in the alternative, civil damages in court if the accident were found to be non-work connected.
In these circumstances, the complaint cannot sensibly be read to allege an accident arising out of and in the course of the *473 decedent's employment. It therefore did not call upon Central National to defend.
This case differs from Danek v. Hommer, 28 N.J. Super. 68 (App.Div. 1953), aff'd o.b. 15 N.J. 573 (1954). There a husband brought a per quod civil action for his damages as a result of his wife's work injury which was subject to the exclusive Workers' Compensation Law remedy. The Supreme Court ruled that the per quod action was barred by the exclusive-remedy provision of the Workers' Compensation Law. N.J.S.A. 34:15-8. Danek v. Hommer, 9 N.J. 56 (1952). Nevertheless, the employer's liability insurer was held to have the duty to defend the action, even though it turned out to be wholly groundless, because the injury on account of which the claim was made was one within the policy coverage. See also Thill Candy Co. v. Farm Bureau Mutual Auto. Ins. Co., 171 F. Supp. 237 (E.D.Pa. 1959). In Pacific Employers Insurance Co. v. Gilt Edge Dairy, 218 F.2d 724 (10 Cir.1955), an employee's noncompensable accidental job injury was held covered by the workers' compensation and employer's liability policy which included "injuries to employees `as are legally employed.'" 218 F.2d at 726. The purpose of that part of the policy, according to the court, was to afford coverage for employee injuries which did not occur in the course of employment. 218 F.2d at 727.
Central National's policy is clearly narrower. It adopts the limiting phrase "arising out of and in the course of employment." There is no public policy that would bar enforcement of the limitation and no reason why the words should not generally be read in accordance with their familiar meaning.
The judgment of the Law Division declaring that Central National had the obligation to defend and obligating it to pay half the costs of the defense of the tort action and to pay Utica's attorneys' fees in this action is reversed. The cross appeal is dismissed.
NOTES
[1] See Kelly v. Gwinnell, 96 N.J. 538 (1984).
[2] See N.J.S.A. 34:15-12,-13.
[3] See N.J.S.A. 34:15-15.
[4] There was no allegation that the social activity was a regular incident of employment and produced a benefit to the employers. See N.J.S.A. 34:15-7.