607 A.2d 138

THE SALEM GROUP, FARMERS MUTUAL FIRE INSURANCE COMPANY, INC., PLAINTIFFS-APPELLANTS, v. CARL OLI-VER AND DALLAS NEWMAN, DEFENDANTS-RESPON-DENTS, AND THOMAS CIMINO, WHITEHEAD BROTHERS, INC., T/A WHIBCO, INC., MAYS LANDING SAND & GRAVEL, A DIVISION OF VINELAND TRANSIT MIX, DEFENDANTS.

Argued February 4, 1992—Decided May 27, 1992.

1

*George G. Rosenberger, Jr.,* argued the cause for appellants (*Butler, Butler, Rosenberger & Farrell,* attorneys).

*Margaret A. D'Agostino* argued the cause for respondent Carl Oliver (*Jacob, Robinson & Ferrigno,* attorneys).

*Frank G. Basile* argued the cause for respondent Dallas Newman (*Basile, Testa & Testa,* attorneys).

*Michael J. Cernigliaro* submitted a letter brief on behalf of *amicus curiae,* New Jersey Defense Association (*Campbell, Foley, Lee, Murphy & Cernigliaro,* attorneys).

PER CURIAM.

This case comes to us on an appeal as of right, *R.* 2:2–1(a), one judge in the Appellate Division having dissented from that court's judgment that the homeowner's policy issued by the insurer, Salem Group, to its insured, Dallas Newman, obligates the insurer to defend the insured.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in Judge King's thorough opinion reported at 248 *N.J.Super.* 265, 590 *A.*2d 1194 (1991). In affirming, we recognize the concerns of our dissenting colleagues, who find dispositive the exclusion from coverage "for any loss * * * for bodily injury * * * arising out of * * * operation, ownership, or use of * * * motor vehicles owned * * * by * * * an insured." Having recognized those concerns, however, we are persuaded that the insurer remains obligated to defend the insured on the fifth count of the complaint.

That count alleges social host liability for supplying alcoholic beverages to Carl Oliver, the insured's minor nephew. Those allegations describe acts that fall within the policy provision that the insurer will "pay such sums that arise out of bodily injury * * * caused by an occurrence." Another provision defines an "occurrence" as "an accident."

No one disputes that insurers are generally obligated to defend their insureds on social host claims. The critical question is whether the insurer can avoid that obligation because a separate excluded risk, the operation of an all-terrain vehicle (ATV), constitutes an additional cause of the injury. We find that the insurer remains obligated to defend the covered risk. It may not avoid that obligation simply because the operation of an ATV constitutes an additional cause of the injury. *Coopera-*

4

*tive Fire Ins. Co. v. Vondrak,* 74 *Misc.*2d 916, 346 *N.Y.S.*2d 965, 968 (Sup.Ct.1973).

█ If, as the dissent finds, the policy unambiguously excluded coverage for an accident caused concurrently by the operation of a motor vehicle and the provision of alcoholic beverages, the insurer would not be obligated to defend its insured. The policy, however, does not so provide. It is not at all clear that the exclusion for the operation of an ATV is to apply when the insured provides liquor to the victim, who then drives the insured's ATV. Arguably, the exclusion does not apply in that context. When a policy fairly supports an interpretation favorable to both the insured and the insurer, the policy should be interpreted in favor of the insured. *Van Orman v. American Ins. Co.,* 680 *F.*2d 301, 308 (3d Cir.1982); *DiOrio v. New Jersey Mfrs. Ins. Co.,* 79 *N.J.* 257, 269, 398 *A.*2d 1274 (1979); *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 482, 170 *A.*2d 22 (1961); 13 J.A. Appleman, *Insurance Law—Practice,* §§ 7426, 7427 (1976).

█ A contrary conclusion could defeat the reasonable expectations of the insured, which should be respected to the extent the policy's language allows. *DiOrio, supra,* 79 *N.J.* at 269, 398 *A.*2d 1274; *Allen v. Metropolitan Life Ins. Co.,* 44 *N.J.* 294, 305, 208 *A.*2d 638 (1965); *Merchants Indem. Corp. v. Eggleston,* 37 *N.J.* 114, 121–22, 179 *A.*2d 505 (1962). In certain contexts, if Newman had provided an ATV, alcoholic beverages, or both, the policy apparently would cover a resulting accident. Arguably, if the accident had occurred while Oliver was driving the ATV on Newman's property, Newman would be covered. Or if Newman had provided Oliver with alcohol and the accident had occurred while Oliver was driving another's ATV, Newman arguably would be covered. Given those possibilities and the wording of the exclusion, Newman could reasonably expect that the policy would cover him when he provided both the ATV and the alcoholic beverages that contributed to the causation of an accident not on Newman's property.

Unlike the dissent, we are not persuaded by the relevance of two opinions of the Appellate Division, *Allstate Ins. Co. v. Moraca*, 244 *N.J. Super.* 5, 581 *A.*2d 510 (1990); *Scarfi v. Aetna Casualty & Sur. Co.*, 233 *N.J.Super.* 509, 559 *A.*2d 459 (1989), which involved allegations that the insureds had negligently supervised or entrusted their automobiles to others. In *Moraca*, plaintiff alleged that the insured had "failed to exercise sufficient control and supervision of her son in the operation of his automobile and was negligent in allowing her son to own and operate his automobile because she had reason to know of his reckless and negligent driving habits." 244 *N.J.Super.* at 7, 581 *A.*2d 510. The plaintiff in *Scarfi* sued the directors of an insured corporation alleging that they had been negligent in the hiring and training of one of the corporation's drivers. *Scarfi, supra,* 233 *N.J.Super.* at 512, 559 A.2d 459. Those opinions proceed on the assumption that the negligent entrustment or supervision of a motor vehicle is intertwined with the ownership and operation of the motor vehicle. The negligent entrustment or supervision cannot be isolated from the ownership and operation of the insured automobile. In contrast, the serving of alcohol to a minor does not depend on the insured's ownership of a motor vehicle or its entrustment to another. One need not own a motor vehicle to serve alcohol to another. If Newman had provided alcohol to Oliver knowing that Oliver was about to operate Oliver's own vehicle or that of a third party, Newman could still be exposed to social host liability. In the present case, the fifth count of Oliver's complaint does not allege negligent entrustment or supervision or any other act that depended on Newman's ownership or use of the ATV. Instead, that count alleges a basis for liability in addition to Oliver's use of the ATV.

To hold that Salem Group must defend its insured, we need not go so far as the California Supreme Court did in *State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 *Cal.*3d 94, 109 *Cal.Rptr.* 811, 816, 514 *P.*2d 123, 128 (1973). *Partridge* held that "when two such risks constitute concurrent

proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy." 10 *Cal.*3d at 102, 109 *Cal.Rptr.* at 817, 514 *P.*2d at 129. We hold not that the insurer may ultimately be liable under the policy, but only that it must honor its duty to defend.

To the extent that *Vanguard Insurance Co. v. Clarke,* 438 *Mich.* 463, 475 *N.W.*2d 48 (Mich.1991), rejects dual or concurring causation as a basis for a finding of an obligation to defend, we disagree with that opinion. In *Vanguard,* three family members died when the insured continued to operate his car after automatically closing the garage doors. The *Vanguard* court found that the fumes from the car, and not the garage door, were the cause of death. Consequently, the court found the automobile exclusion clearly applied. 438 *Mich.* at 473, 475 *N.W.*2d at 52. The present case differs because the alcohol and the ATV allegedly were concurrent causes of Oliver's accident. As the Appellate Division stated, "[b]ecause of the effect of the alcoholic drinks, Oliver said he drove 'harder, faster and recklessly.' He fell off Newman's ATV several times after having these drinks but was unhurt." 248 *N.J.Super.* at 267–68, 590 *A.*2d 1194.

In *Vanguard,* moreover, the denial of recovery predicated on the automobile exclusion to the homeowner's policy precludes double coverage under that policy and an automobile liability policy. No such double coverage will occur in the present case.

The judgment of the Appellate Division is affirmed.

CLIFFORD, J. dissenting.

With today's decision the majority elects to march to the beat of a different—and gratingly-out-of-sync—drummer. In adopting the dual- or concurring-causation test for finding a duty to defend under a homeowner's policy notwithstanding a specific policy exclusion, the Court joins a small handful of states— Illinois, Minnesota, and Wisconsin—that have been lured into finding such a duty by the California Supreme Court's roundly-

criticized decision in *State Farm Mutual Automobile Insurance Co. v. Partridge,* 10 *Cal.*3d 94, 109 *Cal.Rptr.* 811, 514 *P.*2d 123 (1973). See *Vanguard Insurance Co. v. Clarke,* 438 *Mich.* 463, 475 *N.W.*2d 48, 49 & n. 2, 51 n. 5 (Mich.1991). Because I am satisfied that *Vanguard,* specifically rejected by this Court, see *ante* at 6, 607 *A.*2d at 140, closely adheres to New Jersey's case law and represents the better view, I would follow that opinion. I would therefore reverse, substantially for the reasons stated by Judge Stern in his dissenting opinion in the Appellate Division, 248 *N.J.Super.* 265, 279, 590 *A.*2d 1194 (1991).

Newman, the named insured, seeks a judgment requiring his homeowner's insurer, The Salem Group (Salem), to defend the suit brought against him by Carl Oliver. The fifth count of Oliver's complaint—the count at issue here—alleges that Newman gave Oliver, then a minor, intoxicating liquor; that Oliver became intoxicated; and that "as the proximate result of plaintiff Carl Oliver's consumption of alcoholic beverages supplied to him by defendant Dallas Newman, plaintiff Carl Oliver operated an all-terrain vehicle in such a manner as to cause an accident, severely injuring himself." The question is whether Salem must defend Newman on that count or whether the standard owned automobile exclusion in Newman's homeowner's policy applies to relieve the insurer of that duty. The exclusion provides in pertinent part, with refreshing lack of ambiguity, that there is no coverage "for bodily injury arising out of operation or use of motor vehicles owned by an insured."

As the distinguished dissenting judge below observed:

While the complaint alleges that the consumption of alcoholic beverages caused Oliver to operate the motor vehicle negligently, count five itself acknowledges that those injuries occurred because, and only because, of the accident that resulted from the use or operation of the vehicle. However, even though the serving of alcoholic beverages is an act independent of and isolated from the subsequent use and operation of the motor vehicle, no amount of "legalese" can change the fact that the injuries that Oliver suffered resulted from, and were caused by, the use and operation of the vehicle. That is so notwithstanding the fact that there may have been a number of contributing causes to the accident,

which occurred while Oliver was using and operating the ATV. [248 *N.J.Super.* at 279–80, 590 *A.*2d 1194 (footnote omitted).]

Because Oliver's injuries arose out of his operation of Newman's ATV, the policy's exclusion fits like a glove. As pointed out in *Allstate Insurance Co. v. Moraca,* 244 *N.J.Super.* 5, 581 *A.*2d 510 (App.Div.1990), the exclusion's requirement that the claimant's injuries "arise out of the use" of a motor vehicle is satisfied by a showing that the accident or injury "was connected with," "had its origins in," "grew out of," "flowed from," or "was incident to" the use of an automobile. *Id.* at 13 n. 5, 581 *A.*2d 510 (citing *Hogle v. Hogle,* 167 *Conn.* 572, 356 *A.*2d 172 (Conn.1975)). Judge Stern, dissenting below, relied as well on Judge Michels' comprehensive opinion in *Scarfi v. Aetna Casualty & Surety Co.,* 233 *N.J.Super.* 509, 559 *A.*2d 459 (App.Div. 1989), which adopts the view that " '[c]overage does not turn on the legal theory under which liability is asserted, but on the cause of the injury.' " *Id.* at 519, 559 *A.*2d 459 (quoting *Farmers Ins. Group v. Nelsen,* 78 *Or.App.* 213, 715 *P.*2d 492, 494 (Or.Ct.App.), *review denied,* 301 *Or.* 241, 720 *P.*2d 1280 (Or.1986)).

We need not struggle here with the often-perplexing issue of causation, because the causation inquiry in the insurance context is, mercifully, different from the same inquiry in the tort area. The Michigan Supreme Court in *Vanguard, supra,* 475 *N.W.*2d 48, reminds us that in *Bird v. St. Paul Fire & Marine Insurance Co.,* 224 *N.Y.* 47, 120 *N.E.* 86, 88 (1918), Judge Cardozo declared that "there is a tendency [in tort law] to go farther back in the search for causes than there is in the law of contracts. Especially in the law of insurance, the rule is that, 'you are not to trouble yourself with distant causes.' " (quoting *Ionides v. Universal Marine Ins. Co.,* 14 *C.B.[N.S.]* 289, 108 *Eng.C.L.* 259 (1863)) (citations omitted). Those who view with suspicion any authority that is almost three-quarters of a century old—even if it is Cardozo—may gain comfort from a more recent (and more folksy) statement of the principle:

> In the heyday of the Wright Brothers, an illustrative quip gained some vogue that it was not the fall from an airplane that was injurious, but the landing. Insurance looks to the landing, tort to the proximate cause of the fall. Tort excludes the landing for purposes of fixing liability, but may go back in the chain of causation until it reaches a broken link. [*Bruener v. Twin City Fire Ins. Co.*, 37 *Wash.*2d 181, 222 *P.*2d 833 (Wash.1950).]

Or:

> [P]roximate cause has a different meaning in insurance cases [from its meaning] in tort cases. In tort cases the rules of proximate cause are applied for the single purpose of fixing culpability, and for that reason the rules reach back of both the injury and the physical cause to fix the blame on those who created the situation in which the physical laws of nature operated; in insurance cases the concern is not with the question of culpability or why the injury occurred, but only with the nature of the injury and how it happened. [43 *Am.Jur.*2d *Insurance* § 463 (2d ed. 1982) (footnote omitted).]

In this case Oliver sustained injury when, in his intoxicated state, he caused Newman's ATV to topple over. That is *how* he was injured. The injury arose out of his operation and use of Newman's vehicle, and therefore the exclusion applies.

Giving effect to the exclusion in Salem's policy comports with the economic realities of the situation. Insurance is structured with an eye to avoiding double coverage for the same risk. Salem's owned-motor-vehicle exclusion is designed to accomplish that desirable end. The law required Newman to carry liability insurance on his ATV. See *N.J.S.A.* 39:3C–20a. In disregard of that law, he did not have ATV coverage; but that unfortunate lapse on his part should not impel a court to fudge the scheme contemplated by the law. Notably, the exclusion at issue in this case sweeps in not only ATVs owned by the insured but also certain watercraft and aircraft. The purpose of limiting the exclusion to those devices is obvious: alternative insurance is available and required by law; therefore, contrary to the Court's analytically-convenient but factually-hokum assertion to the contrary, *ante* at 4, 607 *A.*2d at 139, insurance consumers cannot reasonably expect that their homeowner's coverage will extend to such devices. Their homeowner's rates reflect that limitation of coverage.

I would reverse the judgment of the Appellate Division and remand the cause to the Law Division for entry there of judgment in favor of Salem, without costs.

GARIBALDI, J., joins in this dissent.

For affirmance—Chief Justice WILENTZ, Justices HANDLER, POLLOCK, O'HERN and STEIN—5.

For reversal—Justices CLIFFORD and GARIBALDI—2.