696 A.2d 1125

ROBERT W. HAYMAN, INC., PLAINTIFF–RESPONDENT,[1] v. ACME
CARRIERS, INC., DEFENDANT–APPELLANT, AND RAMON
PEREZ, DEFENDANT, AND CHUBB & SON, INC., DEFEN-
DANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 13, 1997—Decided July 18, 1997.

---

[1] Although responding to Acme's appeal, plaintiff joins its position.

Before Judges PRESSLER, STERN and HUMPHREYS.

*Joseph B. Tiboni,* attorney for appellant Acme Carriers, Inc. (*Mr. Tiboni,* on the brief and reply letter brief).

*Norris, McLaughlin & Marcus,* attorneys for respondent Chubb & Son, Inc. (*Gregory J. Romano,* on the brief).

*Saiber Schlesinger Satz & Goldstein,* attorneys for respondent Robert W. Hayman, Inc. (*Robert B. Nussbaum,* on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

██ Pursuant to leave granted, defendant Acme Carriers, Inc. (Acme) appeals from the denial of its motion to compel defendant Chubb & Sons (Chubb) to provide a defense, and the granting of Chubb's cross-motion for summary judgment against plaintiff and Acme, relieving Chubb of any obligation under its policy. The motion judge found that an exclusion in the policy for theft by an employee of the insured

> squarely covers the facts of this case. Cause of injury here (clearly the act of theft) determines coverage. Exclusion is clear and comprehensive under these facts.

We agree and affirm the judgment.

## I.

The plaintiff imports and distributes shrimp. It sustained a loss of 200 cases of shrimp between inspection by government authorities at Port Newark and arrival at its Newark warehouse. It is undisputed, for present purposes, that Acme's driver, co-defendant Ramon Perez was arrested and convicted, pursuant to his guilty

plea, of stealing the shrimp while transporting it to the warehouse as an employee or agent of Acme.

Chubb had issued a Motor Truck Cargo Liability policy covering the shipment. The complaint against the insured (Acme), and Chubb under a third party beneficiary theory, asserts, among other grounds, that plaintiff's injury stemmed from Acme's "negligent supervision of its agent and/or employee, defendant Perez."

Chubb was granted summary judgment because the policy expressly excludes coverage "for loss or damage caused by or resulting from (a) any fraudulent, dishonest or criminal act(s) committed alone or in collusion with others by: (1) the insured or any employee ... or any other authorized representative of the insured, whether or not such act(s) be committed during regular business hours...."

## II.

We recognize certain well-defined principles dealing with the construction of insurance policies and exclusionary clauses:

> when the language of the policy is clear, the court is bound to enforce its terms as they are written, *James v. Federal Insurance Co.,* 5 N.J. 21, 24, 73 A.2d 720 (1950); *Kampf v. Franklin Life Ins. Co.,* 33 N.J. 36, 43, 161 A.2d 717 (1960), so as to fulfill the objectively reasonable expectations of the parties to the contract. *Werner Industries, Inc. v. First State Ins. Co.,* 112 N.J. 30, 35–36, 548 A.2d 188 (1988); *Rao v. Universal Underwriters Ins. Co.,* 228 N.J.Super. 396, 411–412, 549 A.2d 1259 (App.Div.1988).[And] we are mindful of the corollary of construction that a strict interpretation is required where the clause in question is one of exclusion or exception designed to limit the protection afforded by the general coverage provisions of the policy. *Butler v. Bonner & Barnewall, Inc.,* 56 N.J. 567, 576, 267 A.2d 527 (1970); *Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur,* 35 N.J. 1, 8, 170 A.2d 800 (1961). However, we must not disregard the clear import and intent of the exclusionary clauses in the policy.
>
> [*Scarfi v. Aetna Cas. & Sur. Co.,* 233 N.J.Super. 509, 514, 559 A.2d 459 (App.Div.1989).]

Moreover, it is undisputed that the duty to defend is broader than the duty to indemnify:

> "[T]he duty to defend comes into being when the complaint states a claim constituting a risk insured against." *Danek v. Hommer*, 28 *N.J.Super.* 68, 77, 100 *A.*2d 198 (App.Div.1953), *aff'd o.b.*, 15 *N.J.* 573, 105 *A.*2d 677 (1954). Whether an insurer has a duty to defend is determined by comparing the allegations in the complaint with the language of the policy. When the two correspond, the duty to defend arises, irrespective of the claim's actual merit. *Id.* 28 *N.J.Super.* at 76–77, 100 *A.*2d 198. If the complaint is ambiguous, doubts should be resolved in favor of the insured and thus in favor of coverage. *Central Nat'l Ins. Co. v. Utica Nat'l Ins. Group*, 232 *N.J.Super.* 467, 470, 557 *A.*2d 693 (App.Div.1989). When multiple alternative causes of action are stated, the duty to defend will continue until every covered claim is eliminated. *Mt. Hope Inn v. Travelers Indem. Co.*, 157 *N.J.Super.* 431, 440–41, 384 *A.*2d 1159 (Law Div.1978).
>
> [*Voorhees v. Preferred Mut. Ins. Co.*, 128 *N.J.* 165, 173–74, 607 *A.*2d 1255 (1992).]

In *Salem Group v. Oliver*, 128 *N.J.* 1, 607 *A.*2d 138 (1992), a divided Supreme Court held that a homeowner's insurance carrier had to defend an insured against a claim for injuries based on an accident involving an all-terrain vehicle, despite an exclusion in the policy for injuries arising out of the operation ownership or use of such vehicle, because of an allegation in the complaint that the insured violated his duties as a social host. In so holding, the majority considered the "excluded risk" to constitute "an additional cause of the injury," *id.* at 3, 607 *A.*2d 138, and, with respect to the duty to defend, followed the rule laid down by the California Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 *Cal.*3d 94, 102, 109 *Cal.Rptr.* 811, 816, 514 *P.*2d 123, 128 (1973), that " 'when two such risks constitute concurrent proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy.' " *Salem Group, supra*, 128 *N.J.* at 5–6, 607 *A.*2d 138.[2]

Considering the "reasonable expectations of the insured," the Court concluded that the policy did not "unambiguously exclude[ ] coverage for an accident, caused concurrently by the operation of a

---

[2] The Court limited its holding to the duty to defend, stating "[w]e hold not that the insurer may ultimately be liable under the policy, but only that it must honor its duty to defend." *Id.* at 6, 607 *A.*2d 138.

motor vehicle and the provision of alcoholic beverages" to a guest. *Id.* at 4, 607 *A.*2d 138. The *Salem Group* majority distinguished our opinions in *Allstate Ins. Co. v. Moraca,* 244 *N.J.Super.* 5, 581 *A.*2d 510 (App.Div.1990), and *Scarfi,* which dismissed complaints alleging negligent entrustment and supervision of motor vehicles in light of similar exclusions. *Id.* at 5, 581 *A.*2d 510. According to the Court:

> Those opinions proceed on the assumption that the negligent entrustment or supervision of a motor vehicle is intertwined with the ownership and operation of the motor vehicle. The negligent entrustment or supervision cannot be isolated from the ownership and operation of the insured automobile. In contrast, the serving of alcohol to a minor does not depend on the insured's ownership of a motor vehicle or its entrustment to another.
>
> [*Ibid.*3]

■ In this case, the negligent supervision is premised on Acme's failure to protect the plaintiff's property and is intertwined with the theft of its shrimp. Thus, this is not a case like *Salem Group* where the insurer was obligated to defend because the social host liability was not premised on use of the vehicle. Nor is this case similar to *Partridge* where the California Supreme Court found that "the injury and the insured's liability ... resulted from both auto-related and non-auto-related causes." 10 *Cal.*3d at 106, 109 *Cal.Rptr.* at 820, 514 *P.*2d at 132.4

The California courts have not applied *Partridge* in cases like this. In *Atlas Assurance Co., Ltd. v. McCombs Corp.,* 146 *Cal. App.*3d 135, 147, 194 *Cal.Rptr.* 66 (1983), defendants owned and operated a storage facility. They employed William Hartman as their manager. Some coins and other objects worth $180,000 were

---

3 The dissenters in *Salem Group* relied upon *Moraca* and *Scarfi* and found that the exclusion controlled.

4 *Partridge* involved the discharge of a firearm in a motor vehicle. The Court held the carrier had obligations under both its auto policy and homeowner's policy despite an exclusion in the latter for injuries "arising out of the use" of a motor vehicle. *Id.* at 97, 109 *Cal.Rptr.* at 813, 514 *P.*2d at 125.

stolen from a locker leased by defendants to Herbert and Elizabeth Wheeler.

The defendants were insured by the plaintiffs. The policy excluded liability "[c]aused by or resulting from misappropriation . . . or any dishonest or criminal act on the part of the Insured . . . his or their employees or . . . any person or persons to whom the property may be entrusted by the Insured." *Id.* at 142 n. 3, 194 *Cal.Rptr.* at 69 n. 3. The Wheelers brought an action against the defendants "alleging breach of contract and negligent employment of Hartman resulting in the theft of the Wheeler's property by Hartman," *id.* at 142, 194 *Cal.Rptr.* at 69, resulting in plaintiff's assertion of the exclusion and the filing of a declaratory judgment action.

In *Atlas Assurance*, the California Court of Appeals held that the exclusion unambiguously applied to the theft, and that the criminal conviction resolved any uncertainty as to the insurer's duty to defend. *Id.* at 71, 146 *Cal.App.*3d 135. The Court rejected the defendants' reliance on *Partridge*, noting "[s]ubsequent cases have demonstrated the crucial factor in *Partridge* was that the two causes of injury [the auto and non auto causes—a problem with the gun's trigger mechanism and negligent driving] were *separate* and *independent* of one another." *Id.* at 147, 194 *Cal.Rptr.* at 73. The Court found that the same theory did not apply in this type of case:

> No liability can arise from the claimed risk in negligently hiring a *thief* unless the thief actually steals something. It is the basing of liability specifically on the negligent hiring *of a thief* which renders [the insured's] alleged negligent act *dependent* upon the excluded theft as concurrent causes of the loss.
>
> [*Id.* at 148, 194 *Cal.Rptr.* at 73.]

The Court also concluded that the breach of contract theory was "even *more* dependent" on the theft because "the *only* way [the insured] could be liable for the claimed breach of contract is through the theft." *Id.* at 149, 194 *Cal.Rptr.* at 73. As a consequence, it found *Partridge* "inapposite," and that applying

the exclusion "comports with the reasonable expectations of the parties." *Id.* at 149, 194 *Cal.Rptr.* at 74.

The *Salem Group* majority adopted the concurrent causation doctrine of *Partridge,* but distinguished cases in which the concurrent causes of the loss are intertwined and impossible to isolate from each other. *Salem Group, supra,* 128 *N.J.* at 5–6, 607 *A.2d* 138. This is the distinction California makes when concurrent causes of loss are alleged. The negligence alleged in this case is intertwined with the theft in the same way that it was in *Atlas Assurance;* it did not give rise to liability until the theft occurred.

We recognize that there are cases which require the carrier to defend when the exclusion for criminal acts may give rise to an ambiguity, such as who must commit the crime, or where the alleged facts may or may not be criminal. *See, e.g., Allstate Ins. Co. v. Worthington,* 46 *F.*3d 1005, 1010 (10th Cir.1995); *Allstate Ins. Co. v. Patterson,* 904 *F.Supp.* 1270, 1287–88 (D.Utah 1995). However, because there is no ambiguity in this commercial policy which expressly excludes "loss or damage caused by or resulting from ... any fraudulent, dishonest, or criminal act(s)" of any employee or representative of the insured, the fact Perez has entered a guilty plea to the theft, and the inextricable intertwining of the theft and claimed loss, coverage under these circumstances would not be consistent with the reasonable expectation of the parties.

The judgment is affirmed.