Argued and submitted January 15, reversed and remanded with instructions
March 12, reconsideration denied June 6, petition for review denied
June 24, 1986 (301 Or 241)

## FARMERS INSURANCE GROUP OF OREGON,
*Appellant,*

*v.*

## NELSEN et al,
*Respondents.*

(31204; CA A34650)

715 P2d 492

Jas. Jeffrey Adams, Portland, argued the cause for appellant. With him on the brief was Mitchell, Lang & Smith, Portland.

Frederic P. Roehr, Portland, argued the cause for respondents Donald S. Nelsen and Isabelle E. Nelsen. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Robert K. Udziela, Portland, argued the cause for respondent John Michael Welch. With him on the brief were John S. Stone and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff began this declaratory judgment action to determine whether a homeowner's insurance policy it had issued covers the liability of the insureds, the Nelsens, in an action against them. The trial court granted defendants' motions for summary judgment, ruling that the policy does cover the Nelsens' potential liability in the action and that plaintiff has a duty to defend under the policy. Plaintiff appeals, contending that there is no coverage because of a motor vehicle exclusion in the policy.

Welch allegedly was injured when the Nelsens' minor son, Robert, collided with him while operating an off-road vehicle, a dirt bike, on a public road in Columbia County. Welch alleged that the Nelsens were negligent in entrusting the vehicle to Robert to operate when they should have known that it would create an unreasonable risk of harm to third persons and in failing to exercise reasonable control and supervision over Robert in his operation of the vehicle. Welch did not state a claim directly against Robert.

The policy provides, in pertinent part:

"If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

"a.   pay up to our limit of liability for the damages for which the insured is legally liable; and

"b.   provide a defense at our expense by counsel of our choice. * * *

"* * * * *

"Section II—Exclusions:

"1.   Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

"* * * * *

"e.   arising out of the ownership, maintenance, use, loading or unloading of:

"* * * * *

"(2)   a motor vehicle owned or operated by, or rented or loaned to any insured * * *."

The policy defines "insured" to include all resident relatives

of the Nelsens. "Motor vehicle" includes a "motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location." The parties do not dispute that Robert is an insured under the policy and that the dirt bike he was operating is a motor vehicle within the policy's definition.

Plaintiff moved for summary judgment on the ground that coverage for Welch's injury is excluded by the motor vehicle exclusion clause. Defendants Welch and Nelsens also moved for summary judgment, contending that the policy provided coverage for Welch's claim against the Nelsens, because the claim rests on legal theories, negligent entrustment and negligent supervision, under which the Nelsens could be liable for their own negligence, apart from any negligence of Robert. Defendants asserted that the claims of negligent entrustment and negligent supervision do not arise out of the ownership, maintenance, use or operation of a motor vehicle, but instead out of the Nelsens' separate negligent conduct.

The trial court agreed with defendants that the motor vehicle exclusion of the policy does not exclude coverage for the tort of negligent entrustment, no matter what instrumentality is alleged to have been negligently entrusted. The trial court stated:

> "* * * Obviously, if instead of a dirt bike, it was an electric egg beater like I suggested before, the homeowner's policy is going to cover because egg beaters aren't excluded.
>
> "* * * * *
>
> "* * * I just can't believe that the insurance industry excludes the automobile from the negligent entrustment theory and not egg beaters and clubs and fish hooks* * *."

■ The insurance policy in this case covers the insured's liability for "bodily injury or property damage to which this coverage applies." The policy covers liability for bodily injury, unless the injury is caused in a manner or by an instrumentality for which the policy excludes coverage. The error of the trial court is that coverage under the policy does not vary depending on the theory of tort liability which is asserted. In this case, Welch's injury arose out of Robert's operation and use of the vehicle off the premises of the insured, and the policy specifically and unambiguously excludes liability for

that, no matter against whom a claim is stated or under what theory of liability Welch seeks to recover.

Defendants cite several cases from other jurisdictions which have reached a result contrary to ours. *See, e.g., Douglass v. Hartford Ins. Co.,* 602 F2d 934 (10th Cir 1979); *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan 145, 519 P2d 737 (1974); *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn 327, 204 NW2d 426 (1973); *McDonald v. Home Ins. Co.,* 97 NJ Super 501, 235 A2d 480 (1967); *Lalomia v. Bankers and Shippers Ins.,* 35 App Div2d 114, 312 NYS2d 1018 (1970), *aff'd,* 31 NY2d 830, 339 NYS2d 680, 291 NE2d 724 (1972). These cases hold that the theories of negligent entrustment and negligent supervision do not relate to the ownership, operation or use of a motor vehicle in a direct sense so as to exclude claims from coverage under a motor vehicle exclusion. The opinions, except *Douglass v. Hartford Ins. Co., supra,* are based on different policy language which is less precise than in this case and are not persuasive. *Douglass* relies on the reasoning of a case with different policy language and held the exclusion clause to be ambiguous. We are not persuaded by the reasoning of that case either. In addition, the continued vitality of the decision in *McDonald v. Home Ins. Co., supra,* and its applicability to a case with facts similar to this, is placed in doubt by *Bartels v. Romano,* 171 NJ Super 23, 407 A2d 1248 (1979).

We are persuaded by the numerous cases which plaintiff cites which hold that the policy insures, not against theories of liability, but against liability for certain injuries or damage and that injuries caused by motor vehicles off the premises of the insured are not covered by a homeowner's policy. *See e.g., Lumbermens Mut. Cas. Co. v. Kosies,* 124 Ariz 136, 602 P2d 517 (1979); *State Farm Fire & Cas. Co. v. McGlawn,* 84 Ill App3d 107, 39 Ill Dec 531, 404 NE2d 1122 (1980); *Barnstable County Mut. Fire Ins. Co. v. Lally,* 374 Mass 602, 373 NE2d 966 (1978); *Great Central Ins. Co. v. Roemmich,* 291 NW2d 772 (S Dak 1980); *Bankert v. Threshermen's Mut. Ins. Co.,* 329 NW2d 150 (Wis 1983). For example, the Wisconsin Supreme Court stated, in *Bankert v. Threshermen's Mut. Ins. Co., supra,* 110 Wis 2d at 478-481:

"The insurance policy * * * does not insure against theories of liability. It insures against 'occurrences' which cause injuries.

"* * * * *

"* * * We think that the effect of the exclusion is to unambiguously exclude all coverage for liability for an automobile accident when the occurrence—the event insured against—takes place away from the premises."

Likewise, the policy in this case insures against liability for bodily injury to which the coverage applies. Coverage does not turn on the legal theory under which liability is asserted, but on the cause of the injury.

Whether or not Welch has a claim against the Nelsens on the theories of negligent entrustment or negligent supervision has nothing to do with whether there is coverage under the policy. Because any liability the Nelsens may have is due to bodily injury arising out of Robert's use and operation of a motor vehicle, plaintiff has no duty under its homeowner's policy to defend or pay a judgment. The trial court erred in denying plaintiff's motion for summary judgment and in granting defendants' motions for summary judgment. Because plaintiff was entitled to the declaration which it sought, we reverse the judgment for defendants and direct entry of judgment for plaintiff. *State Bd. of Higher Ed. v. NW Pac. Indemnity Co.*, 69 Or App 456, 685 P2d 1026 (1984).

Reversed and remanded with instructions to enter judgment for plaintiff.