Kaye, J.
(dissenting). Plaintiffs comprehensive homeowner’s policy excludes from coverage all claims for damages "arising out of the ownership, maintenance or use of * * * a motor vehicle owned or operated by, or rented or loaned to an insured.” Yet contrary to the plain language of the policy, the overwhelming weight of authority throughout the Nation construing such a standard clause, and the conclusion of both lower courts, the majority now holds that plaintiff is covered for a counterclaim charging that he negligently allowed his 14-year-old son to operate an all-terrain vehicle on the public highway. In that this conclusion lacks any sound basis, I respectfully dissent. I would modify the Appellate Division order by granting judgment in defendant’s favor declaring that defendant has no obligation to defend or indemnify plaintiff.
Analysis necessarily centers on the language of the policy. The terms of this policy exclusion could not more plainly preclude coverage. Undisputedly, the subject injury arises out of the ownership and use of a motor vehicle owned by plaintiff, and this is precisely what has been excluded in plaintiffs policy. It is well established that the obligation of a liability insurer is determined by its contract (Sperling v Great Am. Indem. Co., 7 NY2d 442, 450), not by the theory of liability asserted against the insured.
*750 Overwhelmingly, courts throughout the country that have construed such a standard policy exclusion have found it applicable to claimed negligent entrustment. Those cases, collected and analyzed in Standard Mut. Ins. Co. v Bailey (868 F2d 893 [7th Cir]), correctly conclude that to hold otherwise requires a misreading of the policy and impermissible enlargement of the contract.
The majority’s sole premise for its remarkable conclusion is Lalomia v Bankers & Shippers Ins. Co., a case we affirmed on the Appellate Division opinion (35 AD2d 114, affd 31 NY2d 830). Lalomia held that an insurer’s obligation to defend and indemnify against claimed negligent entrustment of a "dangerous instrumentality” was not precluded by the automobile exclusion clause in the homeowner’s liability policy. Significantly, however, the language of the exclusion clause in Lalomia was different and narrower than the clause at issue. The clause in Lalomia provided that it "[d]oes not apply * * * to the ownership, maintenance, operation, use, loading or unloading of [a motor vehicle].”
The majority dismisses as insignificant the distinction between damages "arising out of’ and damages "directly related to the 'ownership, maintenance, operation’ ” and use of a vehicle (Lalomia v Bankers & Shippers Ins. Co., 35 AD2d, at 117). As explained in Fillmore v Iowa Natl. Mut. Ins. Co. (344 NW2d 875, 879 [Minn App]), after decisions like Lalomia, the "arising out of’ language was introduced by insurers to broaden the exclusion. The words "arising out of’ are hardly ambiguous. When used in an exclusion, they are deemed to be broad, general, comprehensive terms " 'ordinarily understood to mean originating from, incident to, or having connection with the use of the vehicle.’ ” (Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 320-321 [quoting 6B Appleman, Insurance Law & Practice § 4317, at 360-363 (rev ed)]; see also, 12 Couch, Cyclopedia of Insurance Law § 45:61, at 294-296 [2d ed].) Indeed, this very difference in policy language has often been recognized as a basis for distinguishing Lalomia (e.g., Standard Mut. Ins. Co. v Bailey, 868 F2d 893, 899-900, n 9; Farmers Ins. Group v Nelsen, 78 Ore App 213, 715 P2d 492, 494; see also, State Farm Fire & Cas. Co. v Wolford, 116 AD2d 1011; Ruggerio v Aetna Life & Cas. Co., 107 AD2d 744 [Titone, J. P., participating]; Matter of Duncan Petroleum Transp. v Aetna Ins. Co., 61 NY2d 665, affg on opn at 96 AD2d 942; Fillmore v Iowa Natl. Mut. Ins. Co., supra, at 878-879; Huggins v Tri-County Bonding Co., 337 SE2d 12, 17 [W Va]).
*751 While I believe that Lalomia has been and is correctly distinguished on its facts, I would urge finally that, if deemed indistinguishable, the proper course is to overrule it — not to extend it, as the majority now does.
Chief Judge Wachtler and Judges Simons, Titone and Bellacosa concur in memorandum; Judge Kaye dissents and votes to modify in an opinion in which Judges Alexander and Hancock, Jr., concur.
Order reversed, etc.