Edward M. Garrett, Garrett & Garrett, Salt Lake City, for appellants.

Andrea C. Alcabes, Hanson, Nelson, Chipman & Quigley, Salt Lake City, for appellees.

David C. HILL and J.D.H. by his guardian ad litem David C. Hill, Plaintiffs and Appellants,

Before DAVIS, GREENWOOD and ORME, JJ.

v.

FARMERS INSURANCE EXCHANGE, an inter-insurance exchange; Barbara J. Pellum; Barbara Pellum; and Paul Pellum, Defendants and Appellees.

No. 930710–CA.

Court of Appeals of Utah.

Dec. 21, 1994.

OPINION

DAVIS, Judge:

Plaintiffs David C. Hill and J.D.H., by his guardian ad litem David C. Hill, appeal the lower court's: (1) grant of defendant Farmers Insurance Exchange's (Farmers) motion to dismiss Barbara J. Pellum, Barbara Pellum, and Paul Pellum as defendants; (2) denial of plaintiffs' motion to disqualify Farmers's counsel as counsel for the Pellums; (3) denial of plaintiffs' motion to compel production of documents; (4) grant of summary judgment in favor of Farmers; and (5) denial of plaintiffs' motion for summary judgment. We affirm.

## FACTS

The facts are not in dispute. On July 13, 1989, Barbara J. Pellum (Barbara), age sixteen, was involved in an accident with plaintiffs. At the time of the accident, Barbara was driving a 1981 Camaro owned by her mother, whose name is also Barbara Pellum (Ms. Pellum). Ms. Pellum gave Barbara permission to drive the vehicle.

The accident resulted in injuries to plaintiffs, who filed a negligence suit against Barbara, Ms. Pellum, and Paul Pellum, Ms. Pellum's husband. Plaintiffs claim Barbara is liable for their injuries because she was the driver of the vehicle. Plaintiffs further claim Mr. Pellum is liable for their injuries because he signed Barbara's application for a learner's permit.[1] Finally, plaintiffs claim Ms. Pellum is liable under the provisions of Utah Code Ann. § 53-3-212 (1994).[2]

At the time of the accident, Ms. Pellum and/or Mr. Pellum also owned a 1978 El Dorado and a 1976 El Camino. All three of the Pellum vehicles were insured under separate insurance policies through Farmers. Each policy has limits of liability of $20,000 for injuries to one person and $40,000 per occurrence.

All of the policies provide that Farmers "will pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any person and **property damage** arising out of the ownership, maintenance or use of a **private passenger car**,[3] a **utility car,** or a **utility trailer.**" The definition of an insured person includes "[y]ou[4] or any **family member.**"[5]

The policies exclude coverage for "[b]odily **injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle other than **your insured car**,[6] which is owned by or furnished or available for regular use by you or a family member."

The policies also have an "Other Insurance" provision, which provides:

If there is other applicable Auto Liability Insurance on any other policy that applies to a loss covered by this part, we will pay only our share. Our share is the proportion that our limits of liability bear to the total of all applicable limits.

. . . .

If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability. [Hereinafter the anti-stacking clause.]

Plaintiffs filed this declaratory judgment action seeking to have the trial court declare that each of the three separate insurance policies provides separate coverage for the accident, amounting to total coverage of

---

1. Section 53-3-211 of the Utah Code provides that "the person who has signed [a learner's permit] application ... is jointly and severally liable with the minor for any damages caused by the minor's negligence or willful misconduct." Utah Code Ann. § 53-3-211(3)(b) (1994).

2. Section 53-3-212(1) provides, in pertinent part:

   [t]he owner of a motor vehicle causing or knowingly permitting a person younger than 18 years of age to drive the motor vehicle on a highway, or a person who gives or furnishes a motor vehicle to the minor, are each jointly and severally liable with the minor for any damages caused by the negligence of the minor in driving the motor vehicle.

   Utah Code Ann. § 53-3-212(1) (1994).

3. "Private passenger car" is defined by the policies, in pertinent part, as "a four wheel land motor vehicle of the private passenger or station wagon type actually licensed for use upon public highways."

4. "You" is defined by the policies as the "'named insured' shown in the Declarations and spouse if a resident of the same household." This includes Ms. Pellum and Mr. Pellum, regardless of vehicle ownership.

5. The term "family member" is defined by the policies as "a person related to you by blood, marriage or adoption who is a resident of your household." Barbara is included within this definition.

6. In pertinent part, "insured car" is defined by the policies as "[t]he vehicle described in the Declarations of this policy."

$120,000.[7] Farmers argues that not only do the El Dorado and El Camino policies not apply to plaintiffs' injuries based on the aforesaid exclusion clause, but that even if the policies did apply, liability coverage is nonetheless limited to $40,000 pursuant to the anti-stacking clause.

Several motions were disposed of by the trial court. The court granted Farmers's motion to dismiss the Pellums as defendants, apparently on the ground that plaintiffs asserted no cause of action against them. At the same time, the court denied plaintiffs' motion to disqualify Farmers's counsel as counsel for the Pellums. In addition, the court denied plaintiffs' motion to compel discovery of (1) all of Farmers's underwriting manuals in place at the time the three policies in question were issued; (2) the home office and agent files pertaining to the three policies; and (3) all of Farmers's claim files and/or files relevant to the declaratory judgment action and the companion negligence action.

Both parties subsequently filed opposing motions for summary judgment on the issue of whether all three policies provided coverage for the accident. The trial court denied plaintiffs' motion and granted Farmers's, concluding that the insurance policies were unambiguous, and that the clear language prohibited "stacking." On this basis, the trial court determined that Farmers had no liability beyond the $40,000 limit of the applicable policy. Plaintiffs appeal the trial court's conclusion.

### ISSUES

Plaintiffs raise several issues on appeal: (1) whether all of the policies issued by Farmers provide coverage; (2) if the Pellums' liability is joint and several, whether they may claim protection severally under each policy; (3) whether the trial court erred in not granting plaintiffs' motion to disqualify Farmers's counsel as counsel for the Pellums; (4) whether the trial court erred in denying plaintiffs' motion to compel production of documents; and (5) whether the trial

court erred in dismissing the Pellums as individual defendants.

### ANALYSIS

We first address plaintiffs' claim that the trial court erred in granting summary judgment in favor of Farmers. "A review of the trial court's order of summary judgment presents questions of law. Thus, we accord no deference to the trial court's determination and review it for correctness." *Seare v. University of Utah Sch. of Medicine,* 882 P.2d 673, 674 (Utah App.1994) (citations omitted). Summary judgment is properly granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Utah R.Civ.P. 56(c).

Plaintiffs claim that all three policies provide coverage for their injuries. Farmers responds that the clear and unambiguous language of the El Camino and El Dorado policies excludes coverage. When interpreting an insurance contract, we employ the "accepted methods of construction." *Nielsen v. O'Reilly,* 848 P.2d 664, 665 (Utah 1992) (footnote omitted). Thus, we interpret insurance contract terms "according to their usually accepted meanings" and "read [them] as a whole, [giving] effect to all of the policy provisions." *Simmons v. Farmers Ins. Group,* 877 P.2d 1255, 1257 (Utah App.1994) (citations omitted); *accord Nielsen,* 848 P.2d at 665. All ambiguities are construed against the insurer and are "resolved in favor of coverage." *Nielsen,* 848 P.2d at 666. Policy language is ambiguous if it is not " 'plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy.' " *LDS Hosp. v. Capitol Life Ins. Co.,* 765 P.2d 857, 858–59 (Utah 1988) (footnote and quotation omitted).

Plaintiffs contend that all three policies cover their injuries because each policy states "we will pay **damages** for which any

---

7. Plaintiffs have accepted the policy limit of $40,-000 tendered by Farmers and have agreed to limit their claim against the Pellums to the insurance amount that the court ultimately determines is available.

**insured person** is legally liable because of **bodily injury** to any person ... arising out of the ownership, maintenance or use of a private passenger car." Because this language does not limit coverage to the insured car, plaintiffs argue that coverage is available under all three policies. However, plaintiffs fail to read the policies as a whole, giving effect to the language which excludes coverage in this case. ₀

"An insurer may limit its obligation to provide coverage by 'exclusions phrased in language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'" *Wagner v. Farmers Ins. Exch.*, 786 P.2d 763, 765 (Utah App.1990) (quoting *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 180 Cal.Rptr. 628, 633, 640 P.2d 764, 769 (1982)). Farmers maintains that the policies covering the El Camino and El Dorado unambiguously exclude coverage thereunder for the injuries sustained by plaintiffs. We agree.

Each of the policies in question explicitly excludes coverage for "[b]odily injury ... arising out of the ownership, maintenance or use of any vehicle other than **your insured car,** which is owned by or furnished or available for regular use by you or a **family member.**" This exclusion clause bars liability which may arise out of the use of any vehicle owned by, furnished, or available for regular use by Ms. Pellum, Mr. Pellum, or Barbara, except for the insured car. Therefore, the El Camino policy does not cover any bodily injury that arises from the use of another vehicle owned by Ms. Pellum, Mr. Pellum, or other family members. Thus, because Ms. Pellum owned the Camaro involved in the accident which caused plaintiffs' injuries, the exclusion applies and bars recovery under the El Camino policy. The same holds true for the El Dorado policy; coverage does not encompass any bodily injury arising from the use of another vehicle owned by Ms. Pellum, Mr. Pellum, or another family member. Again, because Ms. Pellum owns the Camaro involved in the accident, the El Dorado policy excludes liability for plaintiffs' damages. The exclusion "'clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'" *Wagner*, 786 P.2d at 765 (quoting *Pisciotta*, 180 Cal.Rptr. at 633, 640 P.2d at 769).

While it is unclear whether plaintiffs seek coverage based upon Ms. Pellum's, Mr. Pellum's, or Barbara's liability under the El Camino and El Dorado policies, the foregoing analysis is applicable to all three. Thus, we reject plaintiffs' joint and several liability argument; our interpretation of the policies is not altered even if the Pellums were pursued individually for damages.

### CONCLUSION

The exclusion language contained in the El Camino and El Dorado policies prohibits coverage for plaintiffs' injuries under those policies. Accordingly, we hold that the trial court did not err in granting Farmers' motion for summary judgment.[8]

GREENWOOD and ORME, JJ., concur.

---

8. Based on our holding, we need not reach the issue of anti-stacking; the anti-stacking language is relevant only in the event that the other policies provide coverage. Similarly, we need not reach the issues plaintiffs raise concerning their motions to compel production of documents and to disqualify Farmers' counsel as counsel for the Pellums. Finally, while plaintiffs raise the issue of whether the trial court erred in dismissing the Pellums as defendants in their statement of the issues, the issue was not briefed and we therefore decline to address it. *State v. Jennings,* 875 P.2d 566, 569 n. 3 (Utah App.1994).