Myra L. TAYLOR, Ronald H. Olson, Carol D. Olson, and Jennifer Van Boerum aka Jennifer Heather Olson, Plaintiffs and Appellees,

v.

AMERICAN FIRE AND CASUALTY COMPANY, an Ohio corporation, Defendant and Appellant.

No. 960086–CA.

Court of Appeals of Utah.

Oct. 18, 1996.

Jill M. Aggeler and Paul H. Matthews, Kirton & McConkie, Salt Lake City, for defendant and appellant.

James A. McIntosh, James A. McIntosh & Associates, P.C., Salt Lake City, for plaintiffs and appellees.

Before DAVIS, Associate P.J., and BENCH and GREENWOOD, JJ.

## OPINION

DAVIS, Associate Presiding Judge:

Defendant American Fire and Casualty Company (American) appeals the trial court's grant of partial summary judgment[1] in favor of plaintiffs and its denial of American's motion for summary judgment. We reverse.

## FACTS

Because this is an appeal from the trial court's grant of summary judgment, we review the facts in a light most favorable to the losing party. *Salt Lake Knee & Sports Rehab., Inc. v. Salt Lake City Knee & Sports Medicine,* 909 P.2d 266, 268 (Utah App.1995), *cert. denied,* 925 P.2d 963 (Utah 1996). We recite the facts accordingly but note the underlying facts surrounding this action are undisputed by the parties.

On October 17, 1987, plaintiff Jennifer Van Boerum, aka Jennifer Heather Olson, the minor child of plaintiffs Ronald H. Olson and Carol D. Olson, "borrowed" her father's 1974 Volkswagen to attend a party. Ms. Olson drove the vehicle although it was uninsured, was not registered, did not have license plates, and despite the fact that her parents had forbidden her to do so. Ms. Olson placed on the vehicle invalid license plates which she found on a shelf in the garage and which were previously registered to another vehicle.

At the party, Ms. Olson consumed alcoholic beverages. After leaving the party sometime around midnight, Ms. Olson was involved in an accident with plaintiff Myra L. Taylor. Ms. Olson's blood alcohol content was .14 and thus in violation of Utah Code Ann. § 41–6–44 (Supp.1996).

Taylor later filed a lawsuit against Ms. Olson and her parents (Taylor/Olson litigation). The complaint set forth five causes of action: (1) negligent use and operation of a motor vehicle; (2) wilful and malicious conduct to support a claim for punitive damages;[2] (3) Ronald Olson's statutory liability for Ms. Olson's misconduct; (4) negligent entrustment; and (5) failure to properly supervise and control the conduct of a minor child.

Ronald and Carol Olson's homeowner's insurance policy (policy), in effect at the time of the accident, contains a "Personal Liability" section in which American agreed to provide a defense and "pay up to our limit of liability for the damages for which the *insured* is legally liable ... [i]f a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* ... caused by an *occurrence* to which this coverage applies." Pursuant to the terms of the policy, an occurrence is defined as "an accident, including exposure to conditions, which results, during the policy period, in" bodily injury.

The coverage contained in the personal liability section was followed by numerous exclusions for which coverage was not afforded. The motor vehicle exclusion clause provided, in pertinent part:

*Coverage E—Personal Liability* ... do[es] not apply to *bodily injury* ...:

. . . .

e. arising out of:

(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an *insured;*

(2) the entrustment by an *insured* of a motor vehicle or any other motorized land conveyance to any person; or

---

1. A decision on plaintiffs' bad faith claim was postponed until the parties had the opportunity to appeal the dispositions of their respective summary judgment motions. By prior order, this court granted defendant permission to appeal from an interlocutory order. *See* Utah R.App. P. 5(a).

2. This claim was later withdrawn by stipulation.

(3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.

The Olsons requested that American provide them with a defense pursuant to the terms of the policy; American denied the Olsons' request, claiming the motor vehicle exclusion clause excluded coverage for Taylor's injuries.

A bench trial in the Taylor/Olson litigation was held on November 19, 1992. The parties submitted to the court a stipulation of facts and issues, and proffers were given through the parties' attorneys in lieu of testimony. The Stipulation provided, in relevant part, that the Olsons agreed to waive their right to appeal and, after the amount of the judgment has been entered, to assign any and all claims they have against their homeowners insurance company (defendant herein) in exchange for Taylor agreeing not to execute against any of the Olsons' personal property.

The Final Judgment and Findings of Fact and Conclusions of Law were entered on January 27, 1993. The terms of the Stipulation were approved by the trial court and incorporated into the Findings of Fact. The trial court found the Olsons negligent in failing to supervise and control Ms. Olson, a minor, and concluded that Taylor was entitled to approximately $78,000 in special damages, $125,000 in general damages, and $800 in costs and, on January 27, 1993, entered a final judgment accordingly.

After the judgment was entered, American was again asked to cover the defense costs and indemnify the Olsons pursuant to the policy terms. However, American denied coverage, claiming that the contract "unequivocally excludes coverage for the matters, events and damages alleged by Taylor against the Olsons in connection with the automobile accident." As a result, plaintiffs filed an action to recover the amount of the judgment, plus general damages, interest, attorney fees, and court costs. Both parties filed motions for summary judgment. American argued coverage was excluded under the unambiguous terms of the policy, citing the three exclusions. Plaintiffs argued the exclusions did not cover Count 5 of the Complaint—failure to properly supervise and control the conduct of a minor child—because this cause of action was separate and distinct from the use of the motor vehicle and, accordingly, the policy terms did not preclude coverage.

The trial court denied American's motion for summary judgment, but granted plaintiffs', concluding the policy covered (and presumably did not exclude) Count 5 of Taylor's cause of action in the Taylor/Olson litigation. Thus, the trial court determined American had a duty to defend the Olsons in the underlying case, and plaintiffs were awarded judgment against American in the amount of $100,000, the face amount of the policy, attorney fees, plus interest.

## ISSUES

Although numerous issues have been raised, we address only two: (1) Whether the policy in question excludes coverage for the Olsons' failure to properly supervise and control the conduct of their minor child; and (2) Whether the exclusion for statutorily imposed vicarious liability violates public policy.

## STANDARD OF REVIEW

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c); *Salt Lake Knee & Sports Rehab., Inc,* 909 P.2d at 268. Whether the trial court correctly granted or denied a motion for summary judgment is a question of law; thus we accord no deference to the trial court's determination, but review it for correctness. *Seare v. University of Utah Sch. of Medicine,* 882 P.2d 673, 674 (Utah App.1994).

## ANALYSIS

 Our review necessitates interpreting the policy American issued to the Olsons. When doing so, "we employ the 'accepted methods of construction,'" *Hill v. Farmers Ins. Exch.,* 888 P.2d 138, 140 (Utah App. 1994) (quoting *Nielsen v. O'Reilly,* 848 P.2d 664, 665 (Utah 1992)), interpreting the policy provisions "'according to their usually ac-

cepted meanings' and 'read[ing] [them] as a whole, [giving] effect to all of the policy provisions,'" *id.* (second and third alteration in original) (quoting *Simmons v. Farmers Ins. Group,* 877 P.2d 1255, 1257 (Utah App. 1994)). If policy language is ambiguous, the ambiguity is resolved against the insurer. *Alf v. State Farm Fire & Cas. Co.,* 850 P.2d 1272, 1274 (Utah 1993). An ambiguity may arise because the interested parties may attach two or more feasible meanings to a policy term. *Id.*

The crux of this appeal is Count 5 of Taylor's tort complaint alleging the Olsons are liable to Taylor because they failed to properly supervise and control the conduct of Ms. Olson, a minor during the relevant time period. To support the allegation, Taylor asserted (1) the Olsons knew Ms. Olson had driven the vehicle on prior occasions without insurance and without registration but still allowed Ms. Olson access to the vehicle; (2) the Olsons knew Ms. Olson had used license plates from another vehicle, but did not do anything to stop this practice; and (3) the Olsons knew or should have known Ms. Olson had consumed alcoholic beverages on prior occasions and had driven afterwards, but had failed to prevent Ms. Olson from having access to the vehicle. Accordingly, Taylor alleged, the Olsons "were negligent in failing to retain sufficient control and discipline over [Ms. Olson] and in failing to provide adequate supervision for [Ms. Olson] to insure [she] would not take the Volkswagen automobile." As a result, plaintiffs contend that the claim for negligent supervision is an allegation separate and distinct from the use of the motor vehicle and any liability incurred as a result of the Olsons' negligent supervision and control of Ms. Olson does not fall within the exclusionary clause contained in the policy.

American claims that although the theory of liability may be predicated upon the negligent supervision and control of a minor, the cause of action alleged and the liability incurred cannot be separated from the auto-related conduct, which is clearly excluded from coverage under the policy. Thus, while American urges this court to examine only the underlying cause of injury to determine whether coverage is precluded, plaintiffs believe we need only look to the asserted theory of liability.

■ An insurer rightfully contracts with an insured regarding the particular risks it will undertake or, to the contrary, the risks it will not assume, as long as the contract does not violate either statutory law or public policy. *Farmers Ins. Exch. v. Call,* 712 P.2d 231, 233 (Utah 1985). "Thus an insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree unless contrary to statute or public policy." *Id.* (citations omitted). Exclusionary clauses are strictly construed against the insurer, *LDS Hospital v. Capitol Life Ins. Co.,* 765 P.2d 857, 859 (Utah 1988), and are "interpreted according to [their] clear and unambiguous language," *Bear River Mut. Ins. Co. v. Wright,* 770 P.2d 1019, 1020 (Utah App.1989) (per curiam).

Whether the terms of the policy in question obligated American to defend and indemnify its insureds, the Olsons, for injuries allegedly caused by the Olsons' negligent supervision and control of their minor child is an issue of first impression in Utah.

Some jurisdictions have concluded that coverage exists for negligent supervision even though a motor vehicle was the underlying cause of the injuries and the policies contained exclusions similar to those in this case. The rationale in this line of cases is that a claim of negligent supervision is separate and distinct from the operation, use, ownership, et cetera of the motor vehicle and, therefore, the motor vehicle exclusion does not preclude coverage. *See United States Fidelity & Guar. Co. v. State Farm Mut. Auto. Ins. Co.,* 152 Ill.App.3d 46, 105 Ill.Dec. 254, 504 N.E.2d 123 (1987); *Grinnell Mut. Reins. Co. v. Employers Mut. Cas. Co.,* 494 N.W.2d 690 (Iowa 1993); *Smith v. USAA Cas. Ins. Co.,* 532 So.2d 1171 (La.Ct.App. 1988); *Worcester Mut. Ins. Co. v. Marnell,* 398 Mass. 240, 496 N.E.2d 158 (1986); *Nationwide Mut. Ins. Co. v. Davis,* 118 N.C.App. 494, 455 S.E.2d 892 (1995).

■ The majority of jurisdictions have adopted the contrary position. These cases reason that where the negligent supervision

is so inextricably intertwined with the motor vehicle, there is no independent nonauto-related act which would take the claim outside the scope of the motor vehicle exclusionary clause. Thus, negligent supervision claims are excluded from coverage where the acts complained of could not have resulted in injury but for the use of the automobile. *See Alfa Mut. Ins. Co. v. Jones,* 555 So.2d 77 (Ala.1989); *National Am. Ins. Co. v. Coburn,* 209 Cal.App.3d 914, 257 Cal.Rptr. 591 (1989); *Cesarini v. American Druggist Ins. Co.,* 463 So.2d 451 (Fla.Dist.Ct.App.1985); *Allstate Ins. Co. v. Pruitt,* 177 Ill.App.3d 407, 126 Ill.Dec. 716, 532 N.E.2d 401 (1988); *Mahlum v. Baker,* 639 So.2d 820 (La.Ct.App.1994); *American Universal Ins. Co. v. Cummings,* 475 A.2d 1136 (Me.1984); *Northern Assurance Co. v. EDP Floors, Inc.,* 311 Md. 217, 533 A.2d 682 (1987); *Gorzen v. Westfield Ins. Co.,* 207 Mich.App. 575, 526 N.W.2d 43 (1994); *Citizens Sec. Mut. Ins. Co. v. Levinson,* 445 N.W.2d 585 (Minn.Ct.App.1989); *Daus v. Marble,* 270 N.J.Super. 241, 636 A.2d 1091 (App.Div.1994); *Phillips v. Estate of Greenfield,* 859 P.2d 1101 (Okl.1993); *Farmers Ins. Group v. Nelsen,* 78 Or.App. 213, 715 P.2d 492 (1986); *Great Central Ins. Co. v. Roemmich,* 291 N.W.2d 772 (S.D.1980); *Bankert v. Threshermen's Mut. Ins. Co.,* 110 Wis.2d 469, 329 N.W.2d 150 (1983).[3]

We find the latter line of cases to be the better reasoned and, therefore, adopt the rationale set forth therein.

◾ In the case at bar, there is no conduct on the Olsons' part that can be " 'disassociated from the use of the vehicle itself. Conduct which is dependent upon and related to the use of the vehicle cannot be deemed an independent act of a homeowner under the homeowner's coverage as provided in the policy.' " *Coburn,* 257 Cal.Rptr. at 595 (quoting *Safeco Ins. Co. v. Gilstrap,* 141 Cal. App.3d 524, 190 Cal.Rptr. 425 (1983) (citations omitted)). In order to fall outside the scope of the policy's motor vehicle exclusionary clause, any alleged negligence "must ex-

ist independently of the ownership, use or maintenance of the vehicle," *National Indem. Co. v. Farmers Home Mut. Ins. Co.,* 95 Cal.App.3d 102, 157 Cal.Rptr. 98, 102 (1979), i.e., the injuries complained of must be caused by two independent acts, one of which was vehicle-related and one of which was nonvehicle-related. Here, the Olsons' alleged negligence is "firmly grounded" in their failure to supervise Ms. Olson's "use" or "operation" of the automobile, and the use of the vehicle is "essential to the theory supporting their alleged liability from improper supervision."[4] *Mahlum,* 639 So.2d at 827. Because plaintiffs have not demonstrated that the Olsons' alleged negligence caused injury independent from the use of the motor vehicle, Taylor's injuries are excluded from coverage pursuant to the clear and unambiguous terms of the policy.

We reject plaintiffs' contention that we should ignore the underlying cause of Taylor's injuries, but instead focus exclusively on the theory of recovery asserted in the complaint: negligent supervision and control.

◾ The policy excludes coverage if the bodily injury arises out of "(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an *insured*." Accordingly, under the undisputed facts of this case, "[c]overage does not turn on the legal theory under which liability is asserted, but on the cause of the injury." *Farmers Ins. Group,* 715 P.2d at 494. *See also Cummings,* 475 A.2d at 1137–38 (holding motor vehicle exclusion is "not based upon the theory of liability inherent in a claim. Rather, the policy is said to not apply to any claim regardless of the theory of liability when that claim is for bodily injury arising out of operation of any motor vehicle owned by the insured.") (footnote omitted); *EDP Floors,* 533 A.2d at 689 (stating "policy exclusion is not concerned with theories of liability. Rather,

---

**3.** The policy language in these cases is also strikingly similar, and in some cases almost identical, to the language at issue here.

**4.** Taylor argued the Olsons knew of Ms. Olson's prior use of the vehicle, that she had previously

attached license plates from another vehicle, and that they knew or should have known Ms. Olson had previously driven under the influence of alcohol, but nonetheless failed to prevent Ms. Olson from driving the vehicle.

the policy insures against certain types of damages or injuries, specifically excluding injuries arising out of the operation, use or unloading of EDP's vehicle."); *Gorzen,* 526 N.W.2d at 45 (stating court "must look to the underlying cause of the injury to determine coverage and not the theory of liability"); *Phillips,* 859 P.2d at 1105 (holding policy does not insure against theories of liability, but instrumentality causing bodily injuries); *Bankert,* 329 N.W.2d at 154 (holding policy "does not insure against theories of liability," but " 'occurrences' which cause injuries").

To obviate a clear and unambiguous exclusion by pleading a theory of recovery not otherwise excluded provides a homeowner additional coverage beyond the policy terms which were not contracted for and agreed upon between the insurer and the insured. By looking exclusively to a covered, but unexcluded, theory of liability, as opposed to the excluded underlying instrumentality causing the bodily injury, we would countenance, in some instances such as in the case at bar, turning a homeowner's insurance policy into a motor vehicle policy, which is clearly contrary to the parties' intentions. Conversely, depending upon the facts of a given case, it may be equally inappropriate to focus upon a covered, unexcluded instrumentality in the face of an unambiguous clause excluding coverage for damages based upon certain theories of liability. Under the facts of this case, we hold that when determining a homeowners' policy exclusion of coverage for damages arising from the use of a motor vehicle, we focus on the instrumentality·causing the damages and not the theory of liability alleged in the complaint.[5] Thus, when interpreting an exclusion based upon an occurrence, event, or instrumentality, the focus is on the underlying cause of the injuries, and not the theory of liability asserted by the complaining party.

We do not hold that a claim for negligent supervision is not covered by a homeowner's insurance policy, but that where the underlying cause of the damages is clearly excluded under the terms of the policy, coverage is not afforded.

Because Taylor's damages arose out of the use of the Olsons' motor vehicle, and because those damages are unambiguously excluded from coverage pursuant to the clear language of the policy, the Olsons were not entitled to a defense provided by American, nor are they entitled to indemnification from American for the liability they have incurred.

## EXCLUSION VOID AGAINST PUBLIC POLICY

■ The policy in question provides that coverage is excluded for bodily injury "arising out of ... (3) statutorily imposed vicarious parental liability for the actions of a child or minor using a [motor vehicle]." Plaintiffs claim that this exclusion is void against public policy, citing *Farmers Ins. Exch. v. Call,* 712 P.2d 231 (Utah 1985), as support. However, we do not read *Call* as broadly as plaintiffs.

In *Call,* the Utah Supreme Court held that a household or family exclusion clause in a motor vehicle insurance policy was void as against public policy. *Id.* at 236. They did so based on the fact that the Utah Automobile No-Fault Insurance Act (Act) required each motor vehicle owner to maintain a certain level of insurance on his or her motor vehicle. Utah Code Ann. §§ 31-41-1 to -13 (1953).[6] The Act permitted specific coverage exclusions, which did not include a household or family exclusion. *Call,* 712 P.2d at 234. "This legislative action reflect[ed] a public

5. Plaintiffs argue that the Tenth Circuit in *Allstate Insurance Co. v. Worthington,* 46 F.3d 1005 (10th Cir.1995), held that under Utah law, a court should not look to the underlying cause of the injury, but the asserted theory of liability. However, a closer look at *Worthington* demonstrates that the analysis is clearly inapposite here. The court in *Worthington* specifically stated

cases involving vehicle accidents in which insureds sought to have the insurer defend under

a homeowner's policy ... involve a different concept than the instant case. *It seems logical that if a homeowner's policy excludes coverage for the use of automobiles, the negligent entrustment of automobiles is derivative, and there should be no coverage.*

*Id.* at 1010 (emphasis added).

6. This Act was repealed by the Act of February 25, 1985, ch. 242, § 58, 1985 Utah Laws 658, 895.

policy requiring minimum coverage to protect innocent victims of automobile accidents." *Id.* Because the Act specifically declined to extend the exclusions to household members, insurance policies including a household exclusion were in direct violation of public policy.

In *Call,* the focus was on the propriety of excluding certain *insureds* under an automobile policy, *not,* as in this case, the propriety of excluding coverage under a homeowners policy where the damages arise from the operation of a motor vehicle. Here, Ronald Olson was found jointly and severally liable for Taylor's injuries pursuant to Utah Code Ann. §§ 41–2–115, –116 (1993).[7] In relevant part, section 41–2–115 provided, "Any negligence or willful misconduct of a minor when driving a motor vehicle ... is imputed to the person who has signed the application of the minor." Utah Code Ann. § 41–2–115(2) (1993). Section 41–2–116 provided, in pertinent part, "The owner of a motor vehicle causing or knowingly permitting a person younger than 18 years of age to drive the motor vehicle ... [is] jointly and severally liable with the minor for any damages caused by the negligence of the minor in driving the motor vehicle." *Id.* § 41–2–116(2).

"[W]e ... interpret a statute according to its plain language." *Perrine v. Kennecott Mining Corp.,* 911 P.2d 1290, 1292 (Utah 1996). Unlike the statutory provisions in *Call,* noticeably absent from either section 41–2–115 or section 41–2–116 is the subject of insurance. The only public policy reflected by the two statutory provisions is the imputation of joint and several liability upon the person who signed the driver's license application of the minor and who allowed the minor to drive a motor vehicle. There is no apparent legislative intent that a homeowner's insurance policy must provide coverage for the liability imposed by sections 41–2–115 and –116. Accordingly, because " '[w]e cannot by construction liberalize the statute and enlarge its provisions,' " *State v. Paul,* 860 P.2d 992, 994 (Utah App.1993) (quoting *Hanchett v. Burbidge,* 59 Utah 127, 135, 202

P. 377, 380 (1921)), we hold that the exclusion of statutory liability included in American's policy is not in contravention of public policy. *See Lahey v. Benjou,* 759 P.2d 855 (Colo.Ct. App.1988) (holding statutory exclusionary clause in homeowner's policy was not void as against public policy based on fact that statute which required adult to sign minor's driver's license application and imputed liability for minor's negligence when driving a motor vehicle spoke only to "imputation of liability to an adult" and did not address subject of insurance).

## CONCLUSION

We hold Taylor's claim of negligent supervision and control of a minor child cannot be separated from the Olsons' auto-related conduct and, therefore, any liability is excluded from coverage pursuant to the terms of the policy. Furthermore, when determining whether the auto-related exclusion herein excludes coverage, we look to the underlying cause of the injury, as opposed to the plaintiff's theory of liability. Lastly, we hold the statutorily imposed vicarious parental liability exclusion contained in the policy is not void as against public policy. Accordingly, the trial court erred in granting plaintiffs' motion for summary judgment and denying American's motion for summary judgment. We remand the case for the entry of summary judgment in favor of American.

BENCH and GREENWOOD, JJ., concur.

---

**7.** Sections 41–2–115 and 41–2–116 are now respectively codified at Utah Code Ann. §§ 53–3– 211, –212 (1994 & Supp.1995).